Jeffery W. Grass, SBN: 112251
Evelin Duenas, SBN: 337027
DAVIS, GRASS, GOLDSTEIN & FINLAY
901 Via Piemonte, Suite 350
Ontario, CA 91764
T: (909) 476-2662
F: (909) 476-2335
jeff@davis-grass.com
evelin@davis-grass.com

Attorneys for Defendant, Costco Wholesale Corporation

# DISTRICT COURT OF THE UNITED STATES

## FOR THE STATE OF CALIFORNIA

## CENTRAL DISTRICT, WESTERN DIVISION

| | |
|---|---|
| ESTELA ESCAMILLA, an Individual. <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, a Corporation and DOES 1 to 50, Inclusive, <br><br> Defendants. | CASE NO.:  2:24-cv-08339-JAK-MAA <br><br> **STIPULATED PROTECTIVE ORDER** |

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT: **IT IS HEREBY STIPULATED** by and between the Parties in connection with the case *Estela Escamilla v. Costco Wholesale Corporation, et al.*; Case No. 2:24-cv-08339-JAK-MAA, Plaintiff ESTELA ESCAMILLA and Defendant COSTCO WHOLESALE CORPORATION (collectively the "PARTIES"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to

**STIPULATED PROTECTIVE ORDER**

confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

**1.    A.    <u>PURPOSES AND LIMITATIONS</u>**

Discovery in this action is likely to involve production of confidential proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B.    <u>GOOD CAUSE STATEMENT</u>**

This action is likely to involve trade secrets, customer/member private information, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.    Such confidential and proprietary materials and information consist of, among other things, confidential business    or    financial    information, information regarding confidential business practices, or other confidential research, development,    or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or   common law. Accordingly, to expedite the flow of information, to  facilitate the prompt  resolution of disputes over confidentiality    of

**STIPULATED PROTECTIVE ORDER**

discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their  handling at the end of the litigation, and serve the ends of justice, a protective order for  such information is justified in this matter.  It is the intent of the parties that    information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a   confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.    DEFINITIONS**

2.1    Action: means the above-entitled proceeding *Estela Escamilla v. Costco Wholesale Corporation, et al.*; Case No. 2:24-cv-08339-JAK-MAA.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify  for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information  or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**STIPULATED PROTECTIVE ORDER**

2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.0   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

3.1   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.2   <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.3   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.4   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.5   <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

- 4 -

**STIPULATED PROTECTIVE ORDER**

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not    only Protected Material (as defined above), but also (1) any information copied   or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected  Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain  in effect until a  Designating Party  agrees otherwise  in  writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the  completion and exhaustion  of  all  appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for   Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate  for protection only those parts of material, documents, items, or oral or    written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations

**STIPULATED PROTECTIVE ORDER**

that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that   it designated for protection do not qualify for protection, that Designating Party   must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided   in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for   protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or   electronic documents, but excluding transcripts of depositions or other pretrial or   trial proceedings),   that the   Producing Party affix at   a   minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the  protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for   inspection need not designate them for protection until after the inspecting Party has   indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."   After the   inspecting   Party has   identified   the documents, it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing   the   specified   documents,   the   Producing   Party must affix   the

**STIPULATED PROTECTIVE ORDER**

"CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, within 30 days, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction within 30 days of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenging proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other

parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which entitled under the Producing Party's designation until the Court rules on challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated,    a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of    "CONFIDENTIAL"    Information or    Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose    any    information or    item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional

Vendors to whom disclosure is reasonably necessary for this Action;

(g)    the author or recipient of a document containing the information or    a custodian or other person who otherwise possessed or knew the information; and

(h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other    litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall  not  produce any information  designated in  this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this    Action to disobey a lawful directive from another court.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

**STIPULATED PROTECTIVE ORDER**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such     information produced by Non-Parties in connection with this litigation is  protected by  the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party  is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the  Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a     reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by  the Non-Party, if requested.

(c)  If the Non-Party fails to  seek a protective order from this court  within 14 days of receiving the notice and accompanying information, the Receiving  Party may produce the Non-Party's confidential information responsive to the    discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not  produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent  a  court order to the contrary, the Non-Party shall bear the  burden and expense of seeking protection in this court of its Protected Material.

## 10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any  circumstance not  authorized under this

**STIPULATED PROTECTIVE ORDER**

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that    certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication    or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order  submitted to the court.

## 12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a    Party's request to file Protected  Material

**STIPULATED PROTECTIVE ORDER**

under seal  is denied by the court, then the Receiving Party may file the  information in the public record  unless otherwise instructed by the court.

## 13.   **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within  60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and  any other  format  reproducing  or  capturing  any of  the  Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all  the Protected  Material that  was  returned  or destroyed and (2)affirms that the Receiving  Party  has  not  retained  any  copies, abstracts, compilations, summaries or any other  format  reproducing  or  capturing  any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such  archival  copies  that  contain  or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 9, 2025               **DAVIS, GRASS, GOLDSTEIN & FINLAY**

By:   /s/ Evelin Duenas, Esq.
Jeffery W. Grass, Esq.
Evelin Duenas, Esq.

Attorneys for Defendant,
Costco Wholesale Corporation

Dated: January 9, 2025                **CARPENTER & ZUCKERMAN**

By: _____
Mario Martinez, Esq.
Attorneys for Plaintiff,
Estela Escamilla


## <u>ORDER</u>

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _____02/06/2025_____        _____
~~Hon. John A. Kronstadt~~/ Hon. Maria A.
Audero
United States ~~District~~/Magistrate Judge

- 13 -
**STIPULATED PROTECTIVE ORDER**

1

2

## <u>CERTIFICATE OF SERVICE</u>

3        I hereby certify that on January 9, 2025, I electronically filed the foregoing

4    **STIPULATED PROTECTIVE ORDER** with the Clerk of the Court for the United

5    States District Court, Central District of California by using the Central District

6    CM/ECF system.

7        Participants in the case who are registered CM/ECF users will be served by the

8    USDC-Central District of California CM/ECF system.

9

10   Dated:  January 9, 2025          /s/ Evelin Duenas, Esq.

11                           Evelin Duenas, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**